UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAVER COUNTY EMPLOYEES' RETIREMENT FUND, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TILE SHOP HOLDINGS, INC., et al.,<br><br>　　　　　Defendants. | Case No.16-mc-80076-JSC<br><br>**ORDER RE: GOTHAM'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 35 |

This miscellaneous action arises out of a discovery dispute in a putative securities class action pending in the United States District Court for the District of Minnesota. *See Beaver County Employers Retirement Fund v. Tile Shop Holdings*, Inc., No. 14-cv-786-ADM-TNL (D. Minn.). That lawsuit was initiated following the publication of a negative report about defendant Tile Shop Holdings, Inc. by Gotham City Research, LLC, an investor who shorted Tile Shop stock. Both Plaintiffs and Defendants served third-party subpoenas on Gotham and filed separate actions in this District seeking to compel Gotham's compliance. The Court related the actions and granted Plaintiffs' motion to compel in part, but denied Tile Shops' motion on the grounds that its subpoenas were overbroad and the information sought was not relevant. (Dkt. No. 28.) The Court subsequently granted Gotham's motion for attorney's fees and costs from Tile Shop as a sanction under Federal Rule of Civil Procedure 45(d)(1), but ordered the parties to submit supplemental briefing regarding the amount of fees. (Dkt. No. 39.) The parties have done so and the Court awards fees as set forth below.

**DISCUSSION**

The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id.* Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal citation and quotation marks omitted). Further, while the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The court can "impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation," but "[w]here the disparity between the fees requested and those awarded is relatively large, the district court should provide a specific articulation of its reasons for reducing the award." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135-36 (9th Cir. 2012).

**A. The Lodestar Calculation**

Here, Gotham seeks $59,320 for legal fees incurred in defending against Defendants' motions to compel in Delaware and this Court.[1] (Dkt. No. 40-1.) Gotham seeks these fees based on a total of 125.8 hours of work with 101 hours claimed by Gotham's lead counsel (Boersch Shaprio LLP) and 24.8 hours claimed by Delaware counsel (Young Conaway Stargatt & Taylor LLP). (*Id.* at ¶¶ 7-14.) The breakdown is as follows:

- Partner David Shapiro: 86.7 hours at $500 per hour. For a total of $43,350. Mr. Shapiro reduced his normal hourly rate of $750 to $500 for purposes of this motion.
- Partner Lara Kollios: 7.8 hours at $300 per hour. For a total of $2,340. Ms. Kollios reduced her normal hourly rate of $500 to $300 for purposes of this motion.

---

[1] In its reply brief, Gotham sought $69,570.20, but its supplemental briefing in response to the Court's December 13, 2016 Order only seeks $59,320 in fees.

- Paralegal Roxanne Vorkoeper: 6.5 hours at $150 per hour. For a total of $975.
- Partner William D. Johnston: 5.4 hours at $885 per hour. For a total of $4,779.
- Partner Anne Gaza: 6.7 hours at $585 per hour. For a total of $3,919.50.
- Associate Samantha Wilson: 9 hours at $345 per hour. For a total of $3,105.
- Paralegal Linda Hanick: 3.7 hours at $230 per hour. For a total of $851.

(*Id*. at ¶¶ 16-22.)

"Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979. Here, the relevant community is the San Francisco Bay Area, and the reasonableness of rates charges should therefore be determined by reference to the rates charged by Bay Area attorneys with commensurate skill, experience, and reputation. The Court finds that the hourly rates sought by Gotham's counsel ($885-$150) are within the range of reasonable hourly rates for attorneys of comparable skill, experience and reputation litigating similar cases in the San Francisco Bay Area. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (district court did not abuse its discretion in awarding 2008 hourly rates for Bay Area attorneys of up to $875 for a partner, $700 for an attorney with 23 years of experience, $425 for an attorney with approximately five years of experience, and $190 for paralegals); *see also Gutierrez v. Wells Fargo Bank, N.A.*, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (finding reasonable rates for Bay Area attorneys of between $475-$975 for partners, $300-$490 for associates, and $150-$430 for litigation support and paralegals).

The Court concludes that, except as noted below, the 125.8 hours claimed here were reasonably expended and the requested hourly rates are likewise reasonable. Gotham's lodestar is thus $59,320.

**B. Adjustments to the Lodestar**

The court may adjust the lodestar downward if the fee documentation is inadequate, or the hours are duplicative, excessive or unnecessary. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.1986). As an initial matter, the Court notes that Gotham voluntarily reduced its fees by $10,000 over the course of this motion. Tile Shop nonetheless contends that the Court

should reduce the lodestar by over half, awarding Gotham only $23,651.80. Tile Shop insists that this reduction is appropriate because: (1) Gotham seeks fees related to Plaintiffs' subpoenas and motion to compel, but only fees incurred based on Tile Shop's actions should be recoverable here; (2) some of Gotham's fee requests are inadequately documented; and (3) the fees sought by Delaware counsel are duplicative and for improper tasks.

**1. Fees for Work Opposing Plaintiffs' and Tile Shop's Subpoenas**

As the Court noted when it initially granted Gotham's motion for fees, Tile Shop's subpoenas were overly broad and for an improper purpose. Tile Shop's subpoenas sought all documents relating to Gotham's Report, all documents relating to Tile Shop, and several identified individuals, all of Gotham's communications with Plaintiffs, Plaintiffs' counsel and several others, and all trading records related to Tile Shop, as well as deposition testimony regarding the same. Plaintiffs' subpoenas were narrower, but also sought documents related to Tile Shop which would necessarily have been encompassed in Tile Shop's broad subpoenas. Indeed, Gotham filed a joint opposition to both Plaintiffs' and Tile Shop's motions to compel which raised the same legal issues. Thus, any time Gotham spent opposing Plaintiffs' subpoenas would inevitably have been required to oppose Tile Shop's subpoenas. The Court declines to reduce the award based on the fact that Gotham did not prevail on all of its arguments, including its journalist privilege argument. Gotham prevailed as to Tile Shop's subpoenas as a whole and the Court will not fault Gotham for making a novel, albeit ultimately unavailing, argument. *See Jones v. Corbis Corp.*, 489 F. App'x 155, 157 (9th Cir. 2012) (concluding that the district court did not abuse its discretion in awarding fees in part because the motion at issue raised "novel issues [], which justified the time spent.").

**2. Deductions for Inadequacies in Documentation**

Next, Tile Shop argues that the fees should be reduced based on inadequate documentation. First, Tile Shop objects to fees sought for biller "FBR" as there is no reference to "FBR" in the Second Shapiro Declaration. Gotham has apparently revised its fee request to exclude any fees sought by this biller; they are thus not included in the lodestar. Second, although Mr. Shapiro attached contemporaneous time records reflecting 6 hours of work performed on the underlying sanctions motion, his second declaration seeks fees for 13.7 hours of work during this

4

same time period. (*Compare* Dkt. No. 35-2 at 121-22 *with* Dkt. No. 40-1 at 8.g.) Because the declaration contradicts the contemporaneous time record, the Court will deduct $3,850. *J & J Sports Prods., Inc. v. Napuri*, No. 10-04171, 2013 WL 4428573, at *2 (N.D. Cal. Aug. 15, 2013) ("Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the Court gives little weight to the figures provided by Plaintiff."). Likewise, the fees claimed for Roxanne Vorkoeper in the Second Shapiro Declaration do not match the contemporaneous time records. The Court deducts $750 from the fees sought for Ms. Vorkoeper for inadequate documentation. Third, Tile Shop contends that Gotham is not entitled the additional four hours of time Mr. Shapiro seeks for responding to the Court's December 13, 2016 Order which required supplemental briefing because Gotham's initial fee request failed to comply with Civil Local Rule 54-5(b). The Court agrees and deducts $2,000.

Further, as the Court noted in its prior order, Gotham's fee documentation contains considerable redaction. (Dkt. No. 39 at 7:25-26.) In fact, every other page of Exhibit 15 which contains Gotham's fee documentation is redacted in its *entirety*. (Dkt. No. 35-2 at 103, 105, 107, 110, 113, 115, 118, 120, 122.) In response, Gotham contends that "we redacted only those portions of time entries that reflected attorney client privileged communications or attorney work product, personal information of our client, and billing information provided to the client that has nothing to do with the legal fees incurred." (Dkt. No. 40 at 3:10-13.) The Court has analyzed the fees records and the amount sought and concludes that the redacted pages do not include any billing entries. Gotham has however redacted portions of several entries as well as the description and amount of three separate entries. *See, e.g.*, Dkt. No. 35-2 at 104, 108, 111, 116. Gotham is not entitled to fees that are not documented and wholesale redaction amounts to no documentation. *See Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (stating that only "redactions [which] do not impair the ability of the court to judge whether the work was an appropriate basis for fees" are allowed). The Court has reverse engineered the math for the fully redacted entries and deducts $1,150. (Dkt. No. 35-2 at 104, 108, 111.)

### 3. Deductions for Fees Sought by Delaware Counsel

Of the fees sought, $12,682.30 is for work done by Delaware counsel. Tile Shop insists

that this amount should be reduced by nearly half to $6,506.80. The Court disagrees. Tile Shop issued its subpoenas and filed a motion to compel in Delaware despite being advised by Gotham that the venue for compliance would be San Francisco and that Gotham agreed to litigate any issues regarding compliance in the Northern District of California. (Dkt. No. 35-1 at ¶¶ 5-15; Dkt. No. 35-2 at 26-39.) Tile Shop only withdrew these subpoenas and moved to compel in this Court after Gotham hired local counsel in Delaware. Thus, as the Court previously concluded, Tile Shop is responsible for needlessly multiplying Gotham's costs. *See Sec. & Exch. Comm'n v. Schooler*, No. 16-00517, 2016 WL 6821079, at *5 (D. Nev. Nov. 17, 2016) (awarding sanctions where the party "draft[ed] an overly broad subpoena; ma[de] absolutely no effort to narrow the requested documents when confronted by objections and a charge of over breadth by opposing counsel; [but] then agreeing to narrow the requests when faced with a hearing on a motion to quash the subpoena and order to meet and confer.").

The Court also rejects Tile Shop's argument that all time spent by supervising partner William Johnston, a total of $4,779, should be deducted from the total sought because it is duplicative, excessive, and unnecessary. Tile Shop's insistence on litigating its subpoenas in Delaware despite being advised repeatedly by Gotham's counsel that the proper venue was the Northern District of California was duplicative, excessive, and unnecessary. Tile Shop's conduct necessitated Mr. Johnston's time.

However, the Court declines to award fees for time performing clerical work which is generally not recoverable. *See Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1105 (N.D. Cal. 2010) ("Clerical and secretarial work is not compensable as attorneys' fees. Thus, the calendaring, docketing and clerical work hours are not compensable.") (internal citation omitted). The Court thus deducts $759 for 3.3 hours of clerical work.

//
//
//
//
//

United States District Court / Northern District of California

**CONCLUSION**

For the reasons explained above, pursuant to Federal Rule of Civil Procedure 45(d)(1) the Court awards fees in the amount of $51,961 and costs in the amount of $260.70.

**IT IS SO ORDERED.**

Dated: February 2, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge